UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILIAN ANTONIO ROSA PINEDA,<br>    Petitioner,<br><br>    v.<br><br>MICHAEL NESSINGER, Warden of Wyatt Detention Facility, PATRICIA HYDE, Director ICE Boston Field Office, TODD M. LYONS, Acting Director of ICE; and KRISTI NOEM, U.S. Secretary of Homeland Security, *in their official capacities*,<br><br>    Respondents. | C.A. No. 1:25-CV-522-MSM-AEM |

ORDER

Mary S. McElroy, United States District Judge.

Before the Court is Petitioner Wilian Antonio Rosa Pineda's Petition for a Writ of Habeas Corpus (ECF No. 1), as well as Respondents' Motion to Dismiss (ECF No. 7). Mr. Pineda is in immigration custody at Wyatt Detention Facility after an immigration judge revoked his bond, having found Mr. Pineda to be a danger to the community after he was arrested for driving under the influence of liquor and other traffic infractions while on immigration bond. (ECF No. 1 ¶¶ 14–20.) Mr. Pineda claims that the immigration judge violated his rights under the Due Process Clause of the Fifth Amendment by relying on an uncorroborated police report in making its finding. *Id.* ¶ 33.

The Court agrees. To lawfully detain Mr. Pineda based on a finding of dangerousness, the government had the burden of proving "by clear and convincing evidence that [he] poses a danger to the community." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021). But an uncorroborated police report cannot, alone, be "clear and convincing evidence sufficient for a finding of dangerousness." *Alvarez Puerta v. Nessinger*, No. 1:25-cv-108-JJM-AEM (D.R.I. June 17, 2025); *cf. Rosa v. Garland*, 114 F.4th 1, 17 (1st Cir. 2024) (finding, in the context of hearings concerning adjustment of status, that "the agency may not give 'substantial weight' to a police report in the absence of 'a conviction or corroborating evidence of the allegations contained' in the report") (quoting *In Re Arreguin De Rodriguez*, 21 I. & N. Dec. 38, 42 (BIA 1995)). While Respondents suggest that this case is distinguishable from *Alvarez Puerta v. Nessinger* because the police report at issue here was reportedly supported by corroborating extrinsic evidence, *see* ECF No. 5 at 13–14, there is no indication that the immigration judge considered anything other than the police report itself. *See* ECF No. 6-2 at 2.

As such, the Court finds that the government did not meet its burden of proof to deny Mr. Pineda release on bond based on a finding of dangerousness. The Court further finds that administrative exhaustion is not required for Mr. Pineda's claims because of both the irreparable harm that Petitioner will suffer absent relief and the futility of any administrative appeal given the Board of Immigration Appeal's determination that all persons present in the United States without having been

admitted or inspected are ineligible for bond under 8 U.S.C. § 1225(b)(2). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

Therefore, the Court DENIES Respondents' Motion to Dismiss (ECF No. 5), GRANTS Mr. Pineda's Petition for a Writ of Habeas Corpus (ECF No. 1), and ORDERS Respondents to immediately, without delay, release Mr. Pineda from immigration custody on the previously imposed conditions

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

November 24, 2025